NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1976
_____

UNITED STATES OF AMERICA,
Appellant

v.

JAMES UGOH

_____

No. 12-1883
_____

UNITED STATES OF AMERICA,
Appellant

v.

KAYODE KASSIM

_____

No. 12-1884
_____

UNITED STATES OF AMERICA,
Appellant

v.

ABEL OGUNFUNWA

_____

No. 12-2585
_____

UNITED STATES OF AMERICA,
Appellant

v.

FELIX MORDI


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Nos. 1-09-cr-00356-4,
1-09-cr-00356-1, 1-09-cr-00356-3,
1-09-cr-00356-2)
District Judge: The Honorable Sylvia H. Rambo


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2013

Before: SMITH, FISHER, and CHAGARES, *Circuit Judges*

(Filed: October 1, 2013 )

_____

OPINION
_____

SMITH, *Circuit Judge.*

The United States of America brings this consolidated appeal challenging

the District Court's application of the United States Sentencing Guidelines when

determining the appropriate term of imprisonment for co-defendants James Ugoh, Kayode Kassim, Abel Ogunfunwa, and Feliz Mordi. Specifically, the United States argues the District Court erred by refusing to apply a two-level enhancement pursuant to U.S.S.G. § 2S1.1(b)(2)(B) and a separate two-level enhancement under U.S.S.G. § 2S1.1(b)(3). For the reasons that follow, we will vacate the sentences imposed by the District Court and remand for resentencing.

## I.

Ugoh, Kassim, Ogunfunwa, and Mordi were each participants in a Canadian-based money laundering scheme directed at American citizens. Between 2004 and 2009, unknown Canadian mass marketing fraudsters distributed thousands of letters and counterfeit checks through the mail to addresses in the United States. Those letters falsely promised cash, prizes, fictitious loans, commissions, and other payments to their recipients. Based on such promises, the letters induced the recipients to send a portion of their "winnings," representing taxes and other bogus fees, to the scammers via a MoneyGram money transfer service. The defendants, each of whom owned or operated one or more MoneyGram outlets, conspired to intercept and launder the fraudulently-induced transfers and to distribute the proceeds.

On October 28, 2009, a grand jury in the Middle District of Pennsylvania returned a single fifty-five count indictment against all four defendants. The

3

indictment charged the defendants with various counts of mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation of 18 U.S.C. § 1956. The indictment also charged the defendants with one count of conspiracy to commit mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 371. All four of the defendants ultimately entered into plea agreements with the government, under which they agreed to plead guilty to two counts contained in the indictment: (1) the charge of conspiring to commit mail fraud, wire fraud, and money laundering, and (2) a single mail fraud charge.

After the defendants entered into their respective plea agreements, the United States Probation Office prepared pre-sentence reports for the District Court's use during sentencing. Of sole relevance on appeal, the Probation Office included two separate two-level enhancements under U.S.S.G. § 2S1.1 for each of the four defendants. The first enhancement was based on § 2S1.1(b)(2)(B), which provides a two-level increase if a defendant is convicted of violating 18 U.S.C. § 1956. The second was the enhancement set forth in § 2S1.1(b)(3), which provides for an additional two-level increase if § 2S1.1(b)(2)(B) applies and the offense involved "sophisticated laundering."

All four defendants objected to the enhancement under U.S.S.G. § 2S1.1(b)(2)(B) on the grounds that they had not been convicted of violating 18

4

U.S.C. § 1956. They likewise objected to the enhancement under U.S.S.G. § 2S1.1(b)(3) for sophisticated money laundering since § 2S1.1(b)(2)(B) is a prerequisite for that provision. The United States countered that, under Application Note 6 to U.S.S.G. § 1B1.3, a defendant is considered "convicted" of violating 18 U.S.C. § 1956 for purposes of the enhancements not only if he is convicted of the actual statutory offense, but also if he is convicted of conspiring to violate the statute, as was the case for each of the defendants. The District Court rejected the United States' argument and refused to apply both enhancements, citing what it perceived to be an internal conflict between the two paragraphs in Application Note 6 and the plain language of § 2S1.1(b)(2)(B). The United States filed a timely notice of appeal with respect to each of the four sentences.

## II.

We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Richards*, 674 F.3d 215, 218 (3d Cir. 2012); *see also United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (exercising plenary review over a district court's interpretation of the Sentencing Guidelines).[1]

## III.

We turn first to the District Court's refusal to apply the two-level enhancement contained in U.S.S.G. § 2S1.1(b)(2)(B). This Guideline provides that

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b).

a two-level enhancement should be imposed "[i]f the defendant was convicted under 18 U.S.C. § 1956." U.S.S.G. § 2S1.1(b)(2)(B). The defendants argue that this two-level enhancement should not apply here because they were not "convicted" of violating 18 U.S.C. § 1956, but rather were merely convicted under 18 U.S.C. § 371 of conspiring to violate 18 U.S.C § 1956. The government contends that, under Application Note 6 to U.S.S.G. § 1B1.3, a conviction for conspiracy to commit the underlying offense is sufficient for purposes of applying the enhancement under § 2S1.1(b)(2)(B).

Under the law of this circuit, application notes to the Sentencing Guidelines are afforded "controlling weight" unless they violate the Constitution, a federal statute, or are plainly erroneous or inconsistent with the regulation. *United States v. Lianidis*, 599 F.3d 273, 278 (3d Cir. 2010) (quoting *Stinson v. United States*, 508 U.S. 36, 47 (1993)). The government cites to Application Note 6 as set out in the commentary to U.S.S.G. § 1B1.3—the generally applicable guideline related to factors that determine a defendant's range of punishment. This Note provides in pertinent part:

> A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute. For example, in § 2S1.1 (Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity), subsection (b)(2)(B) applies if the defendant "was convicted under 18 U.S.C. § 1956". . . .

6

Unless otherwise specified, *an express direction to apply a particular factor only if the defendant was convicted of a particular statute includes the determination of the offense level where the defendant was convicted of conspiracy*, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony *in respect to that particular statute.* For example, § 2S1.1(b)(2)(B) (which is applicable only if the defendant is convicted under 18 U.S.C. § 1956) would be applied in determining the offense level under § 2X3.1 (Accessory After the Fact) in a case in which the defendant was convicted of accessory after the fact to a violation of 18 U.S.C. § 1956 . . . .

U.S.S.G. § 1B1.3, cmt. App. Note. 6 (emphasis added).

We find no ambiguity in the language of Application Note 6. Rather, as illuminated by the emphasized portion above, the Note plainly states that when an enhancement requires conviction of a certain statute, such requirement is satisfied "where the defendant was convicted of conspiracy" to violate "that particular statute." *Id.* This is exactly the scenario presented in this case. The relevant guideline, § 2S1.1(b)(2)(B), provides for a two level enhancement when a defendant is convicted of violating 18 U.S.C. § 1956. The defendants here pled guilty to, and were convicted of, conspiring to violate § 1956. Under these facts, the enhancement undoubtedly applies.

The defendants contend that our plain reading of Application Note 6 stands in conflict with the text of U.S.S.G. § 2S1.1(b)(2)(B), which requires the defendant be convicted under 18 U.S.C. § 1956. Although § 2S1.1(b)(2)(B), on its face, requires a conviction of 18 U.S.C. § 1956 before applying the two-level

enhancement, nothing in the text of that provision establishes what constitutes a "conviction," nor does the text explicitly require a conviction of the substantive terms of the statute. By defining the parameters of the term "conviction" to include convictions for conspiracy to commit the identified statute, Application Note 6 brings clarity where U.S.S.G § 2S1.1(b)(2)(B) is otherwise silent. This point is most evident with respect to U.S.S.G § 2S1.1(b)(2)(B), since Application Note 6 specifically uses its applicability to § 2S1.1(b)(2)(B) as an illustrative example demonstrating its operation.

It is of no significance that, for purposes of an entry of judgment, the defendants were technically convicted of conspiracy pursuant to 18 U.S.C. § 371. Section 371 is the general federal conspiracy statute which makes it illegal to "conspire . . . to commit any offense against the United States." 18 U.S.C. § 371. Count I of the indictment—which charges the defendants with conspiracy under 18 U.S.C. § 371—explicitly references 18 U.S.C. § 1956 when setting out "laundering of monetary instruments" as one of the "offenses" that the defendants conspired to commit. *See* Indictment, Count I, ¶ 9. The defendants pled guilty to this count, and therefore, for purposes of the Sentencing Guidelines, are deemed to have been convicted of conspiring to violate 18 U.S.C. § 1956.

As plainly demonstrated by the text of Application Note 6, the Sentencing Commission intended the two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B)

8

to apply where a defendant has been convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. Ugoh, Kassim, Ogunfunwa, and Mordi were each so convicted, and thus the District Court erred by rejecting the United States' request to apply § 2S1.1(b)(2)(B)'s two-level enhancement to their sentences.

The District Court likewise erred by refusing to apply the two-level enhancement under U.S.S.G. § 2S1.1(b)(3). This guideline provides for an additional two level enhancement if § 2S1.1(b)(2)(B) applies *and* the offense involved "sophisticated laundering." In reviewing the transcript from the various sentencing hearings, it appears the District Court agreed with the United States' argument that the defendants' criminal activity involved "sophisticated laundering." However, the District Court refused to apply the enhancement based on its preliminary determination that § 2S1.1(b)(2)(B)—which acts as a prerequisite to § 2S1.1(b)(3)—did not apply. As described above, this conclusion was incorrect, and accordingly the District Court's rejection of the enhancement under § 2S1.1(b)(3) was in error.

Importantly, we do not hold that the enhancement under U.S.S.G. § 2S1.1(b)(3) necessarily applies to the facts of this case. Instead, we simply find the basis for the District Court's rejection of the § 2S1.1(b)(3) enhancement was legally incorrect. Whether the offense for which the defendants were convicted

9

involved "sophisticated laundering" is a question we leave in the capable hands of the District Court for consideration and resolution on remand.

IV.

For the reasons described above, we will vacate the sentences for all four of the defendants, and we will remand for resentencing consistent with this opinion.